IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
JOHN A. PRICE,                 )
        Plaintiff,             )   No. 06-1569 (RCL)
                               )
v.                             )
                               )
BEN S. BERNANKE,               )
CHAIRMAN OF THE BOARD          )
OF GOVERNORS OF THE            )
FEDERAL RESERVE SYSTEM,        )
        Defendant.             )
_____)
```

## ANSWER

1. The allegations contained in paragraph 1 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. In addition, the characterization of Marianne Emerson as the Board's Corporate representative in footnote 1 to the Complaint is denied.

2. Admitted that plaintiff's date of birth is April 24, 1952 and that plaintiff is a white / Caucasian male. Defendant is without knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3. Admitted that Ben S. Bernanke is Chairman of the Board of Governors of the Federal Reserve System. The remaining allegations contained in paragraph 3 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admitted that plaintiff has been employed by defendant since 1980 and is currently FR-29 Manager, Data Center and Distributed Software Support, Division of Information Technology; otherwise denied.

8. Admitted that Alice Rivlin was Vice Chair of the Board of Governors of the Federal Reserve System; otherwise denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Admitted that in February 2001 Ms. Marycz was promoted to officer; otherwise denied.

15. Admitted that Marianne Emerson is the Director of the Agency's IT Division and plaintiff's third level supervisor; otherwise denied.

16. Denied.

17. Denied.

18. Admitted that Sheila Clark is the EEO Programs Director at the Agency; otherwise denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted that Ms. Emerson so testified during her deposition; otherwise denied.

23. Admitted that an employee's PMP scores could be a factor considered in an

|    |    |
|----|----|
|    | officer promotion; otherwise denied. |
| 24. | Admitted that there are written rules governing PMP scores in the Performance Management Policy; otherwise denied. |
| 25. | Admitted that Tillena Clark is an African-American female who is younger than plaintiff; otherwise denied. |
| 26. | Admitted that Ms. Clark was promoted to officer and that plaintiff has not been promoted to officer; otherwise denied. |
| 27. | Admitted that Ms. Emerson so testified at a deposition; otherwise denied. |
| 28. | Admitted that Ms. Emerson so testified at a deposition; otherwise denied. |
| 29. | Denied. |
| 30. | Denied. |
| 31. | Denied. |
| 32. | Admitted that Ms. Emerson testified at a deposition there was a program called an "upward mobility program" at the Agency; otherwise denied. |
| 33. | Admitted that Ms. Emerson so testified at a deposition; otherwise denied. |
| 34. | Denied. |
| 35. | Admitted that plaintiff sought EEO counseling and filed a formal class complaint (FRB-EEO-01-03-001) on March 15, 2001 alleging discrimination on the bases of race (white / Caucasian), sex (male) and age (D.O.B. April 24, 1952); otherwise denied. |
| 36. | Denied. |
| 37. | Admitted that the March 15, 2001, complaint contains this allegation; otherwise denied. |
| 38. | Admitted that the March 15, 2001, complaint contains this allegation; otherwise denied. |
| 39. | Denied. |

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Admitted. By way of further response, the Equal Employment Opportunity Commission in a Decision dated August 6, 2003, upheld the Final Agency Decision dismissing this complaint.

47. Admitted that on June 28, 2001, Sheila Clark, the EEO Program Director of the Agency's Equal Employment Opportunity Program Office, sent plaintiff a letter acknowledging receipt of formal complaint FRB-EEO-01-06-002; otherwise denied.

48. Admitted that on July 27, 2001, Sheila Clark, the EEO Program Director of the Agency's Equal Employment Opportunity Program Office, sent plaintiff a letter advising him of the accepted bases and issues for investigation; otherwise denied.

49. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54. Admitted that on or about March 5, 2002, Mr. Richard Stevens, IT Director, informed plaintiff that Mr. Raymond Romero, a Hispanic employee, had been promoted to the position of IT Assistant Director, Security Systems and Data

|     |     |
| --- | --- |
|     | Center Branch, in Washington, D.C.; otherwise denied. |
| 55. | Admitted that plaintiff sought EEO counseling and subsequently filed a third formal complaint (FRB-EEO-02-05-003) on May 10, 2002; otherwise denied. |
| 56. | Admitted that in plaintiff's May 10, 2002 formal complaint (FRB-EEO-02-05-003) plaintiff alleged race discrimination in the promotion of Mr. Raymond Romero to the promotion of IT Assistant Director, Security Systems and Data Center Branch; otherwise denied. |
| 57. | Denied. |
| 58. | Denied. |
| 59. | Denied. |
| 60. | Denied. |
| 61. | Admitted. |
| 62. | Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegation contained in paragraph 62. |
| 63. | Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 63. |
| 64. | Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 64. |
| 65. | Admitted. |
| 66. | Denied. |
| 67. | Denied. |
| 68. | Denied. |
| 69. | Denied. |
| 70. | Denied. |
| 71. | Denied. |

72. Admitted that Po Kim is plaintiff's first level supervisor, Maureen Hannan is plaintiff's second level supervisor, and Marianne Emerson is plaintiff's third level supervisor; otherwise denied.

73. Admitted that on or about October 31, 2005, Jill Rosen was selected for the position of Assistant Director in IT; otherwise denied.

74. Denied.

75. Denied.

76. Denied.

77. Admitted.

78. Admitted that Fred Vu, an Asian male under 40 years of age, was nominated for a Special Achievement Award; otherwise denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Admitted that Fred Vu was selected for a Special Achievement Award; otherwise denied.

84. Admitted that plaintiff did not receive an "Extraordinary" rating for the October 2004 - September 2005 rating period; otherwise denied.

85. Admitted.

86. Denied.

87. Denied.

88. Admitted.

89. Admitted.

90. Admitted.

91. Admitted.

92. Admitted that plaintiff is still employed by the Agency; otherwise denied.

93. Denied.

94. Denied.

95. The allegations contained in paragraph 95 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

96. The allegations contained in paragraph 96 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

97. Defendant repleads the responses made above to paragraphs 1 through 96.

98. The allegations contained in paragraph 98 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

99. The allegations contained in paragraph 99 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

100. The allegations contained in paragraph 100 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

101. The allegations contained in paragraph 101 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

102. The allegations contained in paragraph 102 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

103. Paragraph 103 is a demand for relief to which no response is required. By way of further response, plaintiff is entitled to no relief.

104. Defendant repleads the responses made above to paragraphs 1 through 103.

105. The allegations contained in paragraph 105 constitute conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

106. The allegations contained in paragraph 106 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

107. The allegations contained in paragraph 107 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

108. Paragraph 108 is a demand for relief to which no response is required. By way of further response, plaintiff is entitled to no relief.

109. Defendant repleads the responses made above to paragraphs 1 through 108.

110. The allegations contained in paragraph 110 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

111. The allegations contained in paragraph 111 constitute conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

112. The allegations contained in paragraph 112 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

113. Paragraph 113 is a demand for relief to which no response is required. By way of further response, plaintiff is entitled to no relief.

114. Defendant repleads the responses made above to paragraphs 1 through 113.

115. The allegations contained in paragraph 115 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

116. The allegations contained in paragraph 116 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

117. The allegations contained in paragraph 117 constitute conclusions of law to which no

> response is required; to the extent they may be deemed allegations of fact, they are denied.

118. Paragraph 118 is a demand for relief to which no response is required. By way of further response, plaintiff is entitled to no relief.

Jury Demand. Defendant objects to plaintiff's jury demand as to Counts II and IV of the complaint, which allege violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., 29 U.S.C. § 633a. Plaintiff, as a federal employee, is not entitled to a jury trial on his ADEA claims. Lehman v. Nakshian, 453 U.S. 156, 168-69 (1981); Tomasello v. Rubin, 167 F. 3d 612, 619 (D.C. Cir. 1999).

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Plaintiff is barred by res judicata from raising the allegations contained in paragraph 8-67 and 70 as these allegations were the subject of plaintiff's first complaint and a final determination by this Court. See Price v. Greenspan, 374 F. Supp. 2d 177 (D.D.C. 2005) (Lamberth, J).

Second Affirmative Defense

Plaintiff's claim of race, color, and/or sex discrimination (Count I) fails to state a claim on which relief may be granted.

Third Affirmative Defense

Plaintiff's claim of age discrimination (Count II) fails to state a claim on which relief may be granted.

Fourth Affirmative Defense

Plaintiff's claim of retaliation / reprisal (Count III) fails to state a claim on which relief can be granted.

Fifth Affirmative Defense

Plaintiff's claim of retaliation / reprisal (Count IV) fails to state a claim on which relief may be granted.

DATED: January 22, 2007.

                <u>s/ Katherine H. Wheatley</u>
                Katherine H. Wheatley
                (Bar No. 359037)
                Associate General Counsel

                John L. Kuray
                Senior Counsel

                Jason A. Gonzalez
                Senior Attorney

                Board of Governors of
                the Federal Reserve System
                20th & C Streets, N.W.
                Washington, D.C. 20551
                (202) 452-3779

                Counsel for Defendant
                Ben S. Bernanke, Chairman
                of the Board of Governors
                of the Federal Reserve System