# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# EXHIBIT - A

**Complaint of Discrimination**
At the Board of Governors of the Federal Reserve System
Because of Race, Color, Religion, Sex, Age, National Origin, Disability, Equal Pay or Retaliation

Board of Governor of the
Federal Reserve System
Washington, DC 20551

EEO Programs Office
Received 1/9/06

FRB-EEO-06-01-003

| For Board Use |
|---|
| Please type or print. See reverse side for instructions |

| 1. Full name of complainant<br>**John Andrew Price** | 2. Telephone number, including area code<br><br>Home (410-867-0615)    Work (202-452-2559) |
|---|---|
| Street address (or post office box number)<br>5630 Buccaneer Court | 3. Are you now working for the Board?<br><br>☒ Yes, (answer A, B, C and D below)<br>☐ No, (continue with question 5) |
| City           State          Zip Code<br>**Churchton,      Maryland     20751** | A. Division<br>**Information Technology (IT)** |
| 4. Name of division(s) in which the complaint arose<br>**Information Technology (IT)** | B. Section and stop number<br>**Data Center & Distributed Software Support – Stop 157** |
| | C. Title                              D. Grade<br>**Manager**                         **FR-28** |

5. Date on which most recent alleged discrimination took place:
   **Month  October    Day 31     Year 2005**

6. What do you think is the basis for the alleged discrimination?

| ☒ RACE | If so, state your race | White/Caucasian |
| ☐ COLOR | If so, state your color | |
| ☐ RELIGION | If so, state your religion | |
| ☒ SEX | If so, state your sex | Male |
| ☒ AGE | If so, state your age | 53 (DOB April 24, 1952) |
| ☐ NATIONAL ORIGIN | If so, state your national origin | |
| ☐ DISABILITY | If so, state your disability | |
| ☐ RETALIATION | If so, state form of retaliation | |
| ☐ CLASS COMPLAINT | If so, state personnel policy or practice which led to discrimination class members affected | |

Complaints of discrimination because of age apply only to employees or applicants who are at least age 40 at the time of discriminatory action is alleged to have occurred.

7. Explain how you believe you were discriminated against (treated differently from other employees or applicants) because of your race, color, religion, sex, age national origin, disability or form of retaliation. For each allegation, please state to the best of your ability, information, and belief what occurred and when. If additional space is needed, use separate sheet.

   1. 10/31/2005 – Promotion of Jill Rosen (female) to Assistant Director
   2. 12/08/2005 - Selection of Mr. Fred Vu (Asian male under 40 years of age) from the IT division to receive the Board's Special Achievement Award.
   3. 12/16/2005 – Notification that Mr. Peter Both (male under 40 years of age) was rated Extraordinary on his most recent performance evaluation (PMP).

The Board has discriminated against me on the bases of race (white/Caucasian), sex (male), and age (D.O.B. April 24, 1952) in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

By promoting Ms. Rosen and not promoting me, it has again engaged in a systemic pattern and practice of disproportionately and disparately favoring females for hiring and promotion and for awarding remuneration and employment benefits within the Board, specifically in the Information Technology Division. Further, by promoting Ms. Rosen, a lesser qualified candidate, and denying my advancement the Board has again retaliated against me for engaging in Equal Employment Opportunities activities in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

By selecting Mr. Vu for the Board's Special Achievement Award, and not selecting me, it has again engaged in a systemic pattern and practice of disproportionately and disparately favoring minorities and persons under 40 years of age for hiring and promotion and for awarding remuneration and employment benefits within the Board, specifically in the Information Technology Division. Further, by selecting Mr. Vu for the Board's Special Achievement Award, a lesser qualified candidate, the Board has again retaliated against me for engaging in Equal Employment Opportunities activities in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

By rating Mr. Both Extraordinary on his most recent performance evaluation, and not rating me Extraordinary, it has again engaged in a systemic pattern and practice of disproportionately and disparately favoring persons under 40 years of age for hiring and promotion and for awarding remuneration and employment benefits within the Board, specifically in the Information Technology Division. Further, by rating Mr. Both Extraordinary on his most recent performance evaluation, a lesser qualified candidate, the Board has again retaliated against me for engaging in Equal Employment Opportunities activities in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

The three events listed above are part of a long-term, systemic pattern of discrimination waged by the Office of the Staff Director for Management and headed by Mr. Stephen Malphrus. The Information Technology Division (IT) is to where the discrimination arose. Each officer in my chain of command (Po Kim, Maureen Hannan, and Marianne Emerson) has either a direct role in the discrimination or has allowed the discrimination to occur by their decision to remain silent and/or by taking no action to prevent, stop, or condemn the practice. Moreover, each individual in my chain of command had the opportunity and duty to recommend, nominate, and select me – as the most qualified candidate for promotion, awards, and performance evaluation ratings and to ensure that none of the aforementioned employment action(s) unfairly disadvantaged me or any one EEO protected group over another.

Further, Ms. Sheila Clark, head of the EEO Programs Office, and H. Fay Peters, Management Division Director, report to the Staff Director for Management and are in listed in the complaint for the reasons described below.

1. As head of the Board's EEO Programs Office, it is Ms. Clark's responsibility and duty to collect, analyze, and report on a regular basis to Steve Malphrus, Staff Director for Management, and others, the EEO/affirmative action demographics of the Board's employee population and to report trends or specific instances of EEO discrimination.

2. Additionally, it is Ms. Clark's responsibility and duty to take action to protect my EEO rights and the EEO rights of all classes and groups of Board employees, including white males over age 40.

3. Ms. Clark has specific knowledge of the past and current demographic make-up of the officer ranks in the IT division. Specifically, Ms. Clark is aware that prior to the promotion of Ms. Jill Rosen, females and minorities dominated, in a ratio of 8 to 1, white males over age 40 in the IT officer ranks. In addition, Ms. Clark is aware that females and minorities currently dominate white males over age forty, in a ratio of 11 to 1, in the total number of IT officers and managers. Moreover, Ms. Clark is aware that this was not the case 10 years ago.

4. Ms. Clark has specific knowledge of the numerous EEO complaints and grievances brought by me since 2001.

5. As director of the Management division, H. Fay Peters has responsibility for administering the Board's Human Resource (HR) Management Program. The HR Director reports directly to Ms. Peters and is responsible for managing, developing, and implementing all Board HR policies and procedures including the Performance Management Program (PMP). The PMP evaluation is an annual evaluation whereby the employee's supervisor evaluates the employee's past 12 months performance and assigns an overall rating. The rating is used to make future assignments, compute the employee's annual merit salary increase, award bonuses and other benefits, and for promotion consideration. The PMP policy allows employees to appeal their PMP rating first, to their division director, then to the HR director. The employee's grievance may then be appealed to Ms. Peters, Management Director. In an effort to further disadvantage an aggrieved employee, Mr. Malphrus approved a recommendation by Ms. Peters to revise the PMP policy eliminating an employee's right to appeal the PMP rating to the Staff Director for Management.

6. Additionally, it is Ms. Peters' responsibility and duty to take action to protect my employment rights and the employment rights of all employees, including white males over age 40.

7. Although not described in the official PMP policy, I allege that Ms. Peters has knowledge of a directive to ensure a forced "bell curve" rating distribution quota for the five performance rating categories (unsatisfactory, marginal, commendable, outstanding, and extraordinary). Ms. Peters and the HR Director maintain PMP rating distribution statistics, by division, and report adherence to the "policy" to Mr. Malphrus and others.

8. Ms. Peters is aware that PMP ratings are used to make salary and promotion recommendations. I allege that Ms. Peters is aware that a forced rating distribution quota policy will limit the number of qualified candidates eligible for promotion, especially at the level described as "above full performance." Further, I allege that Ms. Peters is aware that by limiting the number of employees rated above commendable, the Board and/or division management can effectively manipulate employee ratings to advantage one class or group over another.

9. I allege that Ms. Peters is aware that Board divisions, including the IT division, implements and ensures adherence to the rating distribution quota policy through various means. I allege that the process below is followed by the IT division.

    a. Six to eight weeks prior to the actual start of the annual PMP process, IT managers are required to submit employee "ratings" to their Assistant Director. The Assistant Directors then meet behind closed door and without the presence of the IT manager, to finalize employee ratings. Since no non-officer has ever participated in these closed door meetings, it is unclear how final ratings are determined. However, since there is no written PMP the final rating decisions are based primarily on subjective criteria.

    b. The manager must then "re-evaluate" the employee's performance and modify the PMP to justify the final rating.

    c. As described in the Board's PMP policy, the PMP process should include input and discussions with the employee. However, since final ratings are finalized weeks before a manager writes the PMP or actually meets with an employee, there is virtually nothing a manager can do if an employee complains about the final rating or provides compelling input justifying a higher rating.

    d. To minimize employee complaints, earlier this past year Marianne Emerson directed all managers to minimize an employee's performance rating expectations.

10. As a result of the 2005 PMP process, Ms. Clark and Ms. Peters are aware that a disportionate number of white males over age 40 in the IT division were rated below outstanding and that an even smaller number of white males over age 40 were rated extraordinary.

11. Mr. Stephen Malphrus, Staff Director for Management, approves officer promotion recommendations for the IT and Management divisions and others. Ms. Clark reports directly to Mr. Malphrus as does H. Fay Peters, Management Division Director, and Marianne Emerson, IT Director. This chain of command provides these management individuals the motive, opportunity, power, and control to disadvantage me and one class or group over another presenting an obvious "conflict of interest."

I allege that Ms. Clark and Ms. Peters used their positions to knowingly and willingly conspire with Mr. Malphrus, Ms. Emerson, and others to advantage and promote females and minorities in the IT division over equally or more qualified white males over age 40, including myself.

| 8. a) Have you discussed your complaint with an EEO Counselor? (See instructions)<br><br>☒ Yes    ☐ No | b) Name of EEO Counselor<br>**Johanna Cruz Bruce**<br><br>c) Date of Final Interview<br>**January 5, 2006** |
|---|---|

9. Name and Address of your representative in this complaint, if applicable

R. Scott Oswald, Esq.
Nicholas Woodfield, Esq.
Employment Law Group, PLLC
888 17th Street, NW
Suite 900
Washington, D.C. 20006
Telephone 202.261.2812
Facsimile  202.261.2835
nwoodfield@employmentlawgroup.net

10. What corrective action are you seeking?

I demand legal or equitable relief including the following upgrading me with back pay, economic damages including front and back pay, compensatory damages, reasonable attorney's fees, court costs, and any other relief that is just and equitable.

| 11. Date of this complaint:<br><br>Month **January**   Day **9**   Year **2006** | 12. Signature of Complainant |
|---|---|

FR 1413 (2/97)

000004