# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# EXHIBIT - C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN A. PRICE,<br>  Plaintiff,<br><br>v.<br><br>BEN S. BERNANKE,<br>CHAIRMAN OF THE BOARD<br>OF GOVERNORS OF THE<br>FEDERAL RESERVE SYSTEM,<br>  Defendant. | Civil Action No. 06-1569 (RCL) |

### DECLARATION OF PO KIM

I, PO KYUNG KIM, declare that the following is true and correct.

1. I am an assistant director in the Division of Information Technology for the Board of Governors of the Federal Reserve System (the "Board) and have held that position since 1990. I have worked in the IT Division since 1977.

2. In March 2003, the IT Division was reorganized and a new branch called General Systems Support was created. As part of the reorganization, I was assigned to the new branch. In September 2004, another reorganization occurred, which changed my branch into the two-unit organizational structure it has today. Presently, the General Systems Support branch consists of the Data Center & Distributed Software Support unit and the Mainframe & Voice Communications unit.

3. I have known John A. Price, in a professional capacity, since he joined the Board in 1980. Immediately before the September 2004 reorganization, Mr. Price was the manager of mainframe systems in the Information Security branch of the IT Division where his primary responsibility was to manage the Board's mainframe computer and address other related issues such as mainframe connectivity and communications between the Board and the Federal Reserve Banks. As a consequence of the reorganization, Mr. Price and his job function were transferred into the General Systems Support branch and I became his first-level supervisor. Today, Mr. Price manages the Data Center & Distributed Software Support unit, which handles data center operations (where the Board's mainframe computer is stored) and operates the IT help desk (which purchases, installs and supports the software that Board employees have on their desktop computers).

4. During the fall of each year, each Division is asked to submit their nominee(s) to the

Board's Special Achievement Awards Committee. I am the person primarily responsible for nominating individuals from the General Systems Support branch within the IT Division. Accordingly, in the fall of 2005, I was asked to consider whether anyone in my branch should be nominated for the Board's Special Achievement Award. After familiarizing myself with the Board's criteria, I determined that none of my subordinates, including Mr. Price, should be nominated. I then met with the other officers in IT to discuss any potential nominees they may have identified.

5. At the time I made my decision not to nominate anyone from my branch for the Board's Special Achievement Award, I knew that Mr. Price had started a project to improve the Board's help desk. This function assists IT employees and employees in several other divisions at the Board with desktop problems. Nevertheless, I felt that Mr. Price had not achieved the level of performance required to be nominated for the Board's Special Achievement Award.

6. One of my duties as Assistant Director for the General Systems Support branch is to provide my subordinates, including Mr. Price and Mr. Both, with an annual performance review and rating in accordance with the Board's Performance Management Program ("PMP"). As Mr. Price's first level supervisor, I am also responsible for conducting his evaluation. At the time I issued the 2005 PMP's, Mr. Price was at the FR 28 grade level and Mr. Both was at the FR 27 grade level.

7. In the IT Division, each assistant director is given the opportunity to comment on the projected ratings of all the employees in the Division. In October 2005, I assigned a projected PMP rating of outstanding to Mr. Price and a projected rating of extraordinary to Mr. Both. No one, including the deputy director or the director, suggested that I should change the projected rating I had assigned to Mr. Price or Mr. Both. After receiving input from Mr. Price regarding his performance, I drafted the PMP memorandum, which assigned him a final rating of outstanding. Mr. Price and I then met to discuss the PMP, his performance for the review period, future developmental activities and the following year's major projects. On October 25, 2005, after Mr. Price and I signed the PMP, I forwarded it to Maureen Hannan, the reviewing manager and deputy director of IT, in accordance with the Board's policies. Mrs. Hannan did not make any changes to Mr. Price's PMP.

8. I did not give Mr. Price an extraordinary rating based on his overall performance, which includes the work he had done to improve the IT Help Desk function. As of September 2005, Mr. Price had completed Level I of the project, which included an organizational improvement of the function and was well into Level II, which involved training the help desk staff. I was pleased with the progress Mr. Price had made in terms of improving the performance of the help desk function - he provided an organized approach, developed consistent processes and enhanced the staff's knowledge and improved their service orientation. I was equally pleased with the progress of the help desk pilot that Mr. Price initiated. Nevertheless, I was also aware that the project was still in process and that further improvements were needed in order for the help desk to reach a sustained level of performance. For these reasons, I determined that Mr. Price's performance during the 2005 rating period was at the outstanding level.

9. On October 24, 2005, I issued Mr. Both a PMP with a final performance rating of extraordinary based on his overall performance, which includes the work he had done with the Board-wide phone and voice mail project. Mr. Both started this technologically complex endeavor just twelve months earlier and had successfully moved through all five phases of the project (design, installation, testing, training and implementation) by the time of his annual performance rating. I was also highly impressed with the minimal number of complications Mr. Both encountered during the implementation phase, which I attribute to his successful management of the project. The IT Division received very positive feedback from a number of sources including the Board's senior management and general staff. Many individuals commented that the implementation phase was a non-event compared to what had occurred during a similar project thirteen years ago.

10. At the time I issued Mr. Price's 2005 PMP and made the decision not to nominate anyone from my branch for the Board's Special Achievement Award, I was unaware of any activity on the part of Mr. Price relating to EEO rights and was unaware that Mr. Price had filed a civil complaint in District Court alleging discrimination.

Under penalty of perjury, I declare that the foregoing is true and correct.

Executed on this 12th day of January, 2007.

Po Kim