UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN A. PRICE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEN S. BERNANKE, CHAIRMAN OF ) <br> THE BOARD OF GOVERNORS OF ) <br> THE FEDERAL RESERVE SYSTEM, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:06-cv-1569 <br><br> Judge Royce C. Lamberth |

**JOINT MEET AND CONFER STATEMENT PURSUANT
TO LOCAL RULE 16.3**

Counsel for Plaintiff John A. Price and for Defendant Board of Governors of the Federal Reserve System (collectively "the Parties") pursuant to Local Rule 16.3 and the Court's January 22, 2007, Order, conducted a teleconference on February 6, 2007. The following Joint Meet and Confer Statement pursuant to Local Rule 16.3 constitutes the Parties' positions with respect to each of the fourteen items set forth in Local Rule 16.3:

(1) On January 22, 2007, Defendant filed its answer and a motion for summary judgment in this matter. No discovery has taken place in this matter, and Plaintiff believes that he requires the opportunity to discover information that is essential to his opposition and thus he is seeking discovery prior to opposing summary judgment pursuant to Rule 56(f). Plaintiff filed his Rule 56(f) motion on February 2, 2007, and on January 26, 2007, the Court issued an order declaring that it will stay its consideration of Defendant's motion for summary judgment until after it considers and rules upon Plaintiff's Rule 56(f) motion. The Court's January 26, 2007, order also provided that, in the event that Plaintiff's Rule 56(f) motion is granted, Plaintiff will not be

required to file an opposition to the motion for summary judgment until after Defendant renews its motion at the end of discovery. However in the event that Plaintiff's Rule 56(f) motion is denied, Plaintiff's substantive opposition will be due to be filed fifteen days after the entry of the order denying his Rule 56(f) motion.

(2)    (a)    The Parties believe that there are no other parties that need to be joined in this matter.

       (b)    At this time, the Parties are not in a position to agree upon or narrow any factual or legal issues in this case, except that the claims previously made in *Price v. Greenspan*, Case No. 1:04CV00973, were resolved in that matter. Accordingly, the Parties agree that those issues might only be considered in this matter as outlined in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Defendant further believes that these issues are not subject to discovery.

(3)    The Parties desire for the case to remain with Judge Lamberth for all purposes, including trial. The Parties do not consent to assigning the case to a magistrate judge.

(4)    The Parties believe that the prospects for settlement are not clear at this time.

(5)    The Defendant does not believe that this case will benefit from alternative dispute resolution (ADR) at the current time. The Plaintiff believes ADR would be helpful and asks that it be required.

(6)    (a)    As noted *supra*, on January 22, 2007, Defendant filed a motion for summary judgment in this matter. Plaintiff filed his Rule 56(f) motion on February 2, 2007, and on January 26, 2007, the Court issued an order declaring that it will stay its consideration of Defendant's motion for summary judgment until after it considers and rules upon Plaintiff's Rule 56(f) motion. The Court's January 26, 2007, order also provided that, in

       the event that Plaintiff's Rule 56(f) motion is granted, Plaintiff will not be required to file an opposition to the motion for summary judgment until after Defendant renews its motion at the end of discovery. However in the event that Plaintiff's Rule 56(f) motion is denied, Plaintiff's substantive opposition will be due to be filed fifteen days after the entry of the order denying his Rule 56(f) motion.

       (b)     In the event that Plaintiff's Rule 56(f) motion is granted, the Parties have agreed to the following schedule: Any Party wishing to file a dispositive motion shall file no later than thirty (30) days after the close of discovery, opposition briefs to be filed thirty (30) days thereafter, and reply briefs to be filed fourteen (14) days thereafter. A pretrial conference shall be held within thirty (30) days after the decision on dispositive motions. The Parties will defer to the Court regarding when the Court will decide any dispositive motions that have been filed.

(7)    Plaintiff's counsel desires that initial disclosures be made in accordance with the Local Rules of this Court and the Federal Rules of Civil Procedure 26(a)(1) without changes in scope, form or timing. Defendant's counsel objects to providing initial disclosures unless and until the Court rules that such disclosures are necessary to allow Plaintiff to respond to Defendant's Motion for Summary Judgment. In any event, the Parties agree that the claims previously made in *Price v. Greenspan*, Case No. 1:04CV00973, were resolved in that matter and might only be considered as outlined in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Defendant further believes that these issues are not subject to discovery.

(8)    The Parties agree that in the event Plaintiff requests the files or other confidential information regarding other Federal Reserve Board employees that a protective order

should be entered to protect the confidentiality of those documents. The presumptive discovery limitations referenced in L.Cv.R. 26.2(b) should apply. The Parties also refer the Court to their stipulations in Paragraph 12 of this Statement.

(9) The Parties agree that the exchange of expert witness reports and information pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure should not be modified.

(10) This item is not applicable as this lawsuit is not a class action.

(11) The Parties do not anticipate the need for the bifurcation of discovery and/or trial at this time.

(12) The Parties have agreed to the following schedule: Discovery, if any, shall be (120) days in length. Any Party wishing to file a dispositive motion shall file no later than thirty (30) days after the close of discovery, opposition briefs to be filed thirty (30) days thereafter, and reply briefs to be filed fourteen (14) days thereafter. A pretrial conference shall be held within thirty (30) days after the court rules on any and all dispositive motions. The Parties will defer to the Court regarding when the Court will decide any dispositive motions that have been filed.

(13) The Parties believe the court should set a firm trial date at the pretrial conference.

(14) The Parties do not believe that any other items need to be included in the Scheduling Order.

        Respectfully submitted,


        __/s/_Nicholas Woodfield_____
        Nicholas Woodfield, Esq. (D.C. Bar # 471801)
        R. Scott Oswald, Esq. (D.C. Bar # 458859)
        The Employment Law Group, P.C.
        888 17th Street, NW, Suite 900
        Washington, D.C. 20006-3307
        (202) 261-2806
        (202) 261-2835 (facsimile)
        soswald@employmentlawgroup.net
        nwoodfield@employmentlawgroup.net
        *Counsel for Plaintiff*


        __/s/_Katherine H. Wheatley_____
        Katherine H. Wheatley, Esq. (D.C. Bar # 359037)
        John L. Kuray, Esq.
        Jason A. Gonzalez, Esq.
        Board of Governors of the
        Federal Reserve System
        20th and C Streets, NW
        Washington, D.C. 20551
        (202) 452-3789
        *Counsel for Defendant*