IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN A. PRICE, <br>    Plaintiff, <br><br> v. <br><br> BEN S. BERNANKE, <br>    CHAIRMAN OF THE BOARD <br>    OF GOVERNORS OF THE <br>    FEDERAL RESERVE SYSTEM, <br><br>    Defendant. | Civil Action No. 06-1569 (RCL) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY
CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
TO PERMIT DISCOVERY, PURSUANT TO RULE 56(f)**

Defendant, the Board of Governors of the Federal Reserve System (the "Board"), files this opposition to Plaintiff's Motion to Stay Consideration of Defendant's Motion for Summary Judgment and to Permit Discovery Pursuant to Rule 56(f) ("Pl. Mo."). Plaintiff claims that at this point he cannot present by affidavit facts needed to respond to Defendant's Motion for Summary Judgment ("Sum. J. Mo."). In support of his motion, plaintiff submits both his own declaration and that of his attorney. While those declarations emphasize the documents plaintiff seeks to discover, they fail to identify the *facts* to be discovered that would create a triable issue or explain why plaintiff cannot now present those facts in opposition to the Board's motion. See Carpenter v. Fed. Nat'l Mortgage Ass'n, 174 F.3d 231 (D.C. Cir. 1999); Strang v. United States Arms Control & Disarmament Agency, 864 F.2d 859 (D.C. Cir. 1989). Indeed, much of plaintiff's declaration is devoted to establishing the very facts on which he claims to need discovery. Instead, the only apparent purpose for the discovery plaintiff requests is to test the credibility of the Board's affiants, which it is well settled in this Circuit does not justify Rule

56(f) discovery. Carpenter, 174 F.3d at 237 (citing Strang, 864 F.2d at 861). Accordingly, plaintiff's motion should be denied.

Standards for Analyzing a Rule 56(f) Motion

The decision to permit discovery prior to resolving a motion for summary judgment is discretionary. Carpenter, 174 F.3d at 238. Rule 56(f) permits the court to "deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." Strang, 864 F.2d at 861 (citations omitted). The party seeking discovery under Rule 56(f) "bears the burden of identifying the facts to be discovered that would create a triable issue *and* why the party cannot produce those facts in opposition to the motion." Doe v. Dep't of Labor, 451 F. Supp. 2d 156, 164 (D.D.C. 2006) (internal citations omitted). To show that its requested discovery would create a triable issue of fact, of course, the party requesting discovery must tie the information it requests to the material facts in the case, and explain how the discovery it seeks is reasonably expected to raise a genuine dispute with regard to those facts. Ned Chartering & Trading, Inc. v. Pakistan, 294 F.3d 148, 152-53 (D.C. Cir. 2002) (affirming denial of Rule 56(f) motion where the discovery sought was unrelated to the legal issues presented in the case); Swan v. SEC, 96 F.3d 498, 501 (D.C. Cir. 1996) (same); Ben Ezra, Weinstein & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000) ("A party may not invoke Fed. R. Civ. P. 56(f) merely by asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Rather, the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact."). In addition, the movant's factual showing must provide some reason to believe that discovery would produce facts favorable to the movant's theory. Messina v. Krakower, 439 F.3d 755, 762-

63 & n. 6 (D.C. Cir. 2006) (where Rule 56(f) affidavit provided "no reason to believe" that an allegedly defamatory letter was disseminated to any third person, discovery on the issue was properly denied).

It is well settled that "conclusory allegations unsupported by factual data will not create a triable issue of fact," Exxon Corp v. FTC, 663 F.2d 120,126-127 (D.C. Cir. 1980), and that "a party's desire to test opposing affiants' testimony is not sufficient to justify Rule 56(f) discovery." Carpenter, 174 F.3d at 237 (citing Strang, 864 F.2d at 861).

Procedural Background

Plaintiff's civil action in this case follows an administrative process in which he raised his claims of discrimination and retaliation with the Board of Governors of the Federal Reserve System for investigation and potential resolution. See 12 C.F.R. § 268.105. As part of the administrative process, the Board investigates the claims and the investigator creates a report of investigation that includes statements of witnesses and key documents relating to the claim. Id. at § 268.107. That investigative file is provided to the complainant at the end of the investigation. Id. at § 268.107(f). In this case, as noted in the Board's Motion, the documents provided to the Court in connection with the Motion were taken from the report of investigation. See Sum. J. Mo. at 2 n.1.

ARGUMENT

In order to justify Rule 56(f) discovery in this matter, plaintiff must first identify the material facts that he believes are at issue in the Board's motion for summary judgment; explain why without discovery he cannot respond to those material facts; and show a reasonable basis to

suggest that the discovery he has requested might reveal a triable issue as to the material facts.[1]
In this case, plaintiff has failed either to identify the material facts he believes to be in dispute or to explain why he cannot now present evidence to raise an issue with regard to those material facts. Rather, plaintiff has simply identified documents he seeks to discovery. But his motion, and the affidavits submitted with it, fail to explain why plaintiff believes those particular documents would reveal triable issues of fact. This leaves both the defendant, in responding to plaintiff's motion, and the Court, in ruling on it, to speculate as to what plaintiff believes is or could be at issue in defendant's motion for summary judgment. This alone is sufficient reason to deny plaintiff's motion.

Moreover, as will be shown below, in regard to each of plaintiff's three allegations of discrimination and retaliation – the promotion of Jill Rosen, plaintiff's 2005 performance evaluation, and his non-selection for the Board's Special Achievement Award – plaintiff has the facts necessary to respond to the Board's motion and he is only seeking discovery in the vain hope of finding possible evidence that would support his arguments of pretext. Plaintiff's stated reasons for requiring discovery – because, he claims, "the substantive claims made in Ms. Emerson's and Mr. Kim's declarations do not reconcile with the factual accounts reported by Mr. Price in his declaration," and to "empirically prove" that the Board's legitimate, non-discriminatory reasons for its actions are a pretext for discrimination, Pl. Mo. at 3 – are not proper bases for Rule 56(f) discovery.

---

[1] See, e.g., Swan, 96 F.3d at 501 (D.C. Cir. 1996) (affirming denial of Rule 56(f) motion where issues on which discovery was sought were immaterial to the determination of the case); Gualandi v. Adams, 385 F.3d 236 (2d Cir. 2004) (affirming denial of Rule 56(f) motion where requesting party "did not describe [by affidavit] what they hoped these documents and records would show or how this would impact the court's decision.").

I.      **Plaintiff Has Failed To Make The Showing Necessary Under Rule 56(f) For Discovery Relating To The Promotion of Jill Rosen**

In its Motion for Summary Judgment, the Board demonstrated that plaintiff was not promoted to the position of Assistant Director (NIC Systems) because the selecting official, Marianne Emerson, believed that Jill Rosen was the best qualified person for the position, while plaintiff lacked the specialized skills and experience necessary for the job. The Board included statements from Ms. Emerson and other documentation identifying the basis for Ms. Emerson's belief. See Sum. J. Mo. Exhibits D and F. In his Rule 56(f) motion, plaintiff concedes that the Board has met its burden of providing a legitimate, non-discriminatory explanation for not promoting him. Pl. Mo. 3-6. As a result, "the McDonnell Douglas framework - with its presumptions and burdens - disappear[s], and the sole remaining issue [is] discrimination vel non." Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 142-43 (2000). Thus, to survive summary judgment, plaintiff must now show that "a reasonable jury could conclude from all of the evidence that the adverse employment decision was made for a discriminatory reason." Fischbach v. Dist. of Columbia Dep't of Corrections, 86 F.3d 1180, 1183 (D.C. Cir. 1996).

According to his motion, plaintiff "submits that he has superior qualifications and experience to Ms. Rosen and was therefore the best candidate for the position," Pl. Mo. at 4. Plaintiff thus appears to suggest that he intends to attempt to establish pretext by showing that his qualifications are so superior to Ms. Rosen's that the disparity in qualifications gives rise to an inference of discrimination, or simply that the Board's stated reason – Ms. Emerson's belief in the superiority of Ms. Rosen's qualifications – is false. See Barnette v. Chertoff, 453 F.3d 513, 517 (D.C. Cir. 2006) (plaintiff can establish an inference of pretext by showing he was the "'significantly' or 'markedly' more qualified candidate"); Lathram v. Snow, 336 F.3d 1085,

1088 (D.C. Cir. 2003) (plaintiff may survive summary judgment if he can show that the nondiscriminatory explanation proffered by defendant was false).

But if that is his aim, he has no need for Ms. Rosen's "qualifications and performance history as well as the written job requirement documentation for the vacancy (including job and candidate requirements)," which is the discovery he seeks on this claim. Pl. Mo. at 5. Plaintiff already has the facts he needs to compare his qualifications to Ms. Rosen's – in fact, he does just that in his affidavit at ¶¶ 6 and 7. See Exhibit 2 to Pl. Mo. Plaintiff is certainly aware of his own qualifications, which are detailed in his affidavit. And Ms. Rosen's qualifications, on which Ms. Emerson relied in selecting her, were set out in a memorandum Ms. Emerson sent to the Board proposing Ms. Rosen's appointment to the Board's official staff, as well as in Ms. Emerson's declaration. See Exhibits F and D to Sum. J. Mo. Instead of providing a basis for Rule 56(f) discovery, plaintiff's declaration clearly demonstrates that he already has the relevant facts needed to attempt to create a genuine issue of fact regarding the Board's stated reason for its action.

The trouble with plaintiff's request with regard to Ms. Rosen's qualifications is that he does not tie it in any way to any genuine issue in the case. Thus, while plaintiff has identified certain *documents* he seeks related to the relative qualifications issue, he has not identified "what facts [he] intend[s] to discover that would create a *triable issue of fact*." Carpenter, 174 F.3d at 237 (emphasis supplied). As with the plaintiff in Carpenter – who also challenged a reduction in performance rating and a non-selection to a position that required skills she lacked – plaintiff "offered no reasonable basis to suggest that discovery would show either that [Ms. Emerson] made an error too obvious to be unintentional or actually believed that [plaintiff] performed better than [his] peers." Id.; see Messina, 439 F.3d at 763 (affirming denial of discovery where

plaintiff provided "no reason to believe" that requested discovery would support her theory). Plaintiff has made no showing to suggest, for example, that Ms. Emerson fabricated Ms. Rosen's qualifications or that her belief in them was false. And while, like the plaintiff in Carpenter, plaintiff here contends that the skills identified by Ms. Emerson were not really necessary for the Assistant Director position, he too "failed to describe what new facts [he believes] could be obtained by discovery to support [his] theory." Id. Thus there is no reason to believe that even if plaintiff were to receive the specified documents they would support his theory and create a triable issue of fact, and plaintiff's request for this discovery should be denied.

II.     **Plaintiff Has Failed To Make The Showing Necessary Under Rule 56(f) For Discovery Relating To His 2004-05 Performance Rating Of "Outstanding."**

In its Motion for Summary Judgment, the Board argued that plaintiff failed to establish a prima facie case of discrimination with respect to his 2004-05 performance rating, because his alleged comparator, Peter Both, who received a higher performance rating than plaintiff, was a lower grade employee and therefore was not similarly situated to plaintiff. We also showed that even if plaintiff could make a prima facie case of discrimination in regard to his 2004-05 performance review, his immediate supervisor, Po Kim, had several legitimate, non-discriminatory reasons for not assigning him a rating of "Extraordinary" for that performance period. Sum. J. Mo. at 18-20. Plaintiff now bears the burden of demonstrating that the reasons Mr. Kim provided are a pretext for discrimination. See Fischbach, 86 F.3d at 1183 (to show pretext, issue is not correctness of employer's reasons but whether it honestly believes them); Tolson v. James, 315 F. Supp. 2d 110, 116 (D.D.C. 2004) ("a plaintiff cannot establish pretext simply based on his own subjective assessment of [his] own performance, for plaintiff's

perception of himself and of [his] work performance is not relevant. It is the perception of the decision maker which is relevant.") (internal citations omitted).

Plaintiff's motion and affidavit challenge the Board's assertion that plaintiff and Both were not similarly situated. Pl. Mo. at 6-7. Plaintiff's affidavit claims that he and Both had similar job duties, "managed a similar mix of technical staff consisting of exempt and non-exempt employees, and were responsible for advance technology projects [*sic*] of similar complexity." Pl. Exhibit 2 at ¶ 8. Plaintiff then claims he needs both his and Mr. Both's annual performance reviews, job descriptions, awards, and Mr. Kim's notes to "empirically show" that he and Mr. Both "were doing comparable work, were evaluated similarly, and that they received the same comments in their evaluations, but that Mr. Kim rated Mr. Both more highly than [plaintiff] even though [plaintiff] was more competent and better performing." Pl. Mo. at 7.

Again, while plaintiff specifies the *documents* he wants, he fails to show what *facts* he needs and how those facts, if found through discovery, would create a triable issue of fact in this case by producing evidence favorable to his claims. Ironically, to the extent he does identify facts, his declaration alleges the very facts that he claims he needs to discover – that his job and Both's were the same. Plaintiff fails to explain why he needs discovery of his own performance evaluations and awards, which he already has.[2] Nor is it evident why he would need Mr. Both's performance evaluation or awards. It is undisputed that Mr. Both received a higher rating than plaintiff, and plaintiff has provided no reason to believe that the details provided in Mr. Both's

---

[2] Among other things, plaintiff's performance evaluation was contained in the EEO report of investigation, which was provided to plaintiff in the administrative process.

performance evaluation or job awards would be inconsistent with the explanation Mr. Kim has already provided as to why he believed Mr. Both's performance merited a higher rating.[3]

Plaintiff has also provided no reason why he needs to obtain job descriptions – both his own and Mr. Both's – in discovery.  First, plaintiff has already stated under oath that "the job descriptions are identical," Pl. Ex. 2 at ¶ 8, suggesting that he already has the job descriptions.  Second, even assuming that plaintiff and Mr. Both were expected to perform the same type of work, plaintiff has not sought discovery that would create a triable issue with regard to Mr. Kim's explanation that, based on nondiscriminatory factors, Mr. Both performed at a higher level than plaintiff during the rating period and thus deserved a higher rating.  See Sum. J. Mo. Exhibit C, ¶¶ 5-6.  And plaintiff's only apparent reason for wanting "Mr. Kim's notes" is to test the credibility of Mr. Kim's affidavit, which as shown above, is an inappropriate basis for Rule 56(f) discovery.

Plaintiff has failed to make the requisite showing for Rule 56(f) discovery in regard to his 2005 performance evaluation.

### III.   Plaintiff Has Failed To Make The Showing Necessary Under Rule 56(f) For Discovery Relating To The 2005 Special Achievement Award

In its Motion for Summary Judgment, the Board demonstrated that Mr. Kim honestly believed no one in his branch, including plaintiff, met the criteria necessary to be nominated for the Board's Special Achievement Award, so he did not put any names forward to receive the award.  We also showed that because Mr. Kim did not propose him, the selecting official,

---

[3] Moreover, as noted earlier, Rule 56(f) is not properly invoked simply to test the opposing affiants' testimony.  Carpenter, 174 F.3d at 237.

Ms. Emerson, did not even consider plaintiff for the award. Mo. Sum. J. at 21-23 and Exhibits C and D.[4]

Plaintiff acknowledges that the Board has met its burden of providing a legitimate, non-discriminatory explanation for not giving him the award. Pl. Mo. at 10. He argues, however, that he cannot respond to the Board's Motion to establish that the reason given was a pretext for discrimination or retaliation without first obtaining documents relating to the performance of Fred Vu, the IT Division employee who was nominated for and received the Board's Special Achievement Award. Plaintiff asserts this information is necessary in order to "empirically demonstrate bother *[sic]* that they were evaluated similarly and also to prove that Mr. Vu was not performing in a more extraordinary manner than was [plaintiff]." Id. Plaintiff also claims he needs "Mr. Kim's notes and documentation memorializing Mr. Vu's achievements and awards" in order to "demonstrate that "Mr. Kim's . . . reasons . . . for awarding the Special Award to Mr. Vu but not to Mr. Price, is in fact pretext." Id.

First, of course, Mr. Kim has no "notes and documentation memorializing Mr. Vu's achievements and awards," because Mr. Vu did not report to Mr. Kim, and Mr. Kim did not put his name forward for the award. See Sum. J. Mo. Exhibit C.[5] But this points out the deficiency of plaintiff's assertion about his inability to respond to the Board's motion. Plaintiff never explains how any facts he seeks to discover would create a triable issue of fact in this case, and

---

[4] Technically speaking, Ms. Emerson is not the selecting official for the Special Achievement Award, which is conferred by a selection committee on the basis of nominations from division directors and other high-level Board officers and governors. See Exhibit H to Sum. J. Mo. However, as the Selection Committee only reviews those employees who have been nominated for the award, Ms. Emerson, as director of the IT Division, was effectively the person who decided on the person nominated by that division. See Exhibit D to Sum. J. Mo.

[5] Plaintiff has never asserted that Mr. Kim was responsible for nominating Mr. Vu.

on examination it is clear that facts relating to Mr. Vu's qualifications are completely irrelevant to the issues here.

This is because there is no evidence (and no assertion from plaintiff) that *anyone* ever compared the qualifications of Mr. Vu and plaintiff, and decided that Mr. Vu was more deserving of the Special Achievement Award than plaintiff.  Rather, plaintiff's supervisor, Mr. Kim, determined that plaintiff (along with the rest of Mr. Kim's staff) did not fulfill the criteria for the award, and did not put his (or anyone else's) name forward.  Mr. Kim did this without any consideration of Mr. Vu's qualifications – Mr. Vu did not work for him, and Mr. Kim did not put Mr. Vu's name forward either.  Because no one suggested plaintiff for the Special Achievement Award, there was no occasion for Ms. Emerson to even consider plaintiff for the award.  In other words, it is undisputed (and plaintiff does not contend otherwise) that Mr. Kim had nothing to do with the *selection of Mr. Vu* for the award nomination, and it is likewise undisputed that Ms. Emerson had nothing to do with the *non-selection of plaintiff*.  The two decisions occurred independently.  Because Ms. Emerson's decision to nominate Mr. Vu did not involve any comparison of Mr. Vu's qualifications vis-à-vis those of plaintiff, Mr. Vu's qualifications have nothing to do with the issue of whether plaintiff was discriminated against by not being nominated for the award.

In sum, on the undisputed facts of this case – where Mr. Kim alone was responsible for the fact that plaintiff was not nominated for the award – the only material issue is whether Mr. Kim wrongly failed to nominate plaintiff.[6]  To create a genuine dispute as to that, plaintiff

---

[6] Under other factual scenarios, Ms. Emerson's actions and Mr. Vu's qualifications might be relevant.  For example, if Mr. Kim *had* put plaintiff's name forward to Ms. Emerson, but Ms. Emerson had chosen to nominate only Mr. Vu, it would be reasonable to ask what motivated that decision, and to examine whether Mr. Vu's qualifications were indeed substantially better than plaintiff's.  Plaintiff has not, however, advanced such a theory or

(continued...)

needs only to establish *his own* qualifications, and argue (if he can) that those qualifications were so strong that only discrimination or retaliation would explain why Mr. Kim declined to nominate him. But of course, he already knows his own qualifications; his affidavit describes them in detail.[7/] He provides no reason why he needs any further facts in order to respond to the Board's Motion on this issue. Accordingly, there is no basis for plaintiff's request for Rule 56(f) discovery on this issue.

### IV.    Plaintiff Has Failed To Make The Necessary Showing Under Rule 56(f) For Discovery Relating To His Retaliation Claim

In its Motion for Summary Judgment, the Board argued that plaintiff will not be able to establish a prima facie case of retaliation because he cannot show that his supervisors had knowledge of any EEO activity he engaged in during months immediately preceding the alleged retaliatory actions. Sum. J. Mo. at 11 (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)). Plaintiff's motion goes on at some length disputing that assertion, detailing the facts that he believes lead to the conclusion that Mr. Kim and Ms. Emerson did know of his EEO activity. Pl. Mo. at 11-16. Plaintiff's declaration contains the same information. Nonetheless, plaintiff maintains that he "requires discovery to demonstrate that [the] Board's evidence in support [of] its argument is manufactured and untrue before he should be forced to respond to summary judgment." Pl. Mo. at 16 (emphasis added). But the desire to prove that his supervisor's statements are "manufactured and untrue," in addition to being a mere conclusory statement, is not the standard plaintiff must meet for Rule 56(f) discovery. Carpenter, 174 F.3d

---

[6/] (...continued)
provided any reason to believe that the facts he seeks to discover would support it.

[7/]  To the extent it is relevant to any claim, plaintiff is also aware of the basis for Mr. Vu's receipt of the award, which, in addition to being described in Ms. Emerson's affidavit in this case, was also made available to all Board employees on the Board's internal web site.

at 237 (a party's desire to test opposing affiants' testimony is not sufficient to justify discovery) (citations omitted).  Moreover, plaintiff has failed to identify any *facts* to be discovered, or to indicate in any manner what discovery he would seek on this issue.

Most glaringly, plaintiff entirely fails to state why he cannot now present the facts necessary to challenge his supervisors' testimony in light of the fact that his declaration attempts to do exactly that.  In his Rule 56(f) motion, plaintiff argues that his supervisors had knowledge of his protected activity because he allegedly: (1) informed Mr. Kim between January 29 and March 3, 2004, that he was engaged in protected activity, Pl's Ex. 2, Price Affidavit, at ¶ 3, (2) posted a list of "legal actions" on a bulletin board in his office that identified an earlier civil action he had filed against the Board, id. at ¶ 4, and (3) was told by Ms. Emerson, "starting in the late 1990's that all personnel actions, adverse actions, reorganization, promotions, etc., are thoroughly discussed 'behind closed doors.' by all IT officers before any decisions are made." Id. at ¶ 5.  Plaintiff does not show what additional facts he needs to discover on this point.  There is simply no reason why he cannot now present these same facts by affidavit or exhibit in opposition to Defendant's Motion for Summary Judgment.  Strang, 864 F.2d at 861.[8/]  Accordingly, plaintiff has not demonstrated any need for Rule 56(f) discovery on the causation issue.

---

[8/]   In our view, these alleged facts would not be sufficient to establish causation because (1) the alleged notice to Mr. Kim in early 2004 was too remote in time to be relevant to actions taken in the fall of 2005, (2) plaintiff does not indicate any more than that his supervisors had an opportunity to view the list of actions he had on his bulletin board, not that they actually saw it and thereby became aware of any protected activity that closely pre-dated the alleged adverse actions, and (3) Ms. Emerson's alleged statement that "personnel actions, adverse actions, reorganizations, promotions, etc.," were discussed among IT officers "behind closed doors" says nothing about whether she would have been informed of the details of filings in plaintiff's earlier civil case.  Should plaintiff make these same assertions in opposition to the Motion for Summary Judgment, the Board will make these arguments at the appropriate time.

## CONCLUSION

Plaintiff has not made the requisite showing for Rule 56(f) discovery. At no point has plaintiff specifically identified any *facts* to be discovered or shown how the documents he has identified would support any theory he has asserted or create a triable issue of fact. His apparent desire to test the statements of his supervisors is not an appropriate basis for Rule 56(f) discovery. Likewise, in light of the fact that in the administrative process he received much of the information he now claims to need, he completely fails to show why he cannot produce the facts essential to his opposition to the Board's motion for summary judgment. Plaintiff's motion continually cites to plaintiff's declaration which recites the very kind of facts he claims he needs in order to respond to the Board's motion. In sum, plaintiff is only requesting discovery in an effort to controvert the Board's affidavits or in the vain hope of finding evidence to support his claims. For these reasons, the Court should deny plaintiff's motion.[9]

---

[9] Should any discovery be necessary, it should be limited to only those issues as to which the Court believes plaintiff has made the requisite showing and to the items that plaintiff has specifically requested. Moreover, in light of plaintiff's acknowledgment "the claims previously made in Price v. Greenspan, Case No. 1:04CV00973, were resolved in that matter," see Joint Meet and Confer Statement Pursuant to Local Rule 16.3 at ¶ 2(b), any discovery should not include those earlier-raised claims.

                                            Respectfully submitted,

March 2, 2007                                    __/s/_____
                                            Katherine H. Wheatley (Bar No. 359037)
                                            Associate General Counsel

                                            John L. Kuray
                                            Senior Counsel

                                            Jason A. Gonzalez
                                            Senior Attorney

                                            Board of Governors of the
                                            Federal Reserve System
                                            20th & C Streets, N.W.
                                            Washington, D.C. 20551
                                            202-452-3779