IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN A. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 06-1569 (RCL) |
| v. | ) |
| | ) |
| BEN S. BERNANKE, CHAIRMAN, | ) |
| THE BOARD OF GOVERNORS OF | ) |
| THE FEDERAL RESERVE SYSTEM, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STAY CONSIDERATION OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND TO PERMIT
DISCOVERY, PURSUANT TO RULE 56(f)**

COMES NOW the Plaintiff John Price, by and through Counsel, and replies to Defendant's Opposition to his Motion to Stay Consideration of Defendant's Motion for Summary Judgment and to Permit Discovery Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. In reply, Plaintiff states the following:

I. **Mr. Price Seeks Discovery To Demonstrate Pretext, An Affirmative Burden He Must Carry To Successfully Oppose Summary Judgment.**

The Board argues in its opposition to Mr. Price's 56(f) motion that it is inappropriate for Mr. Price to seek additional evidence in order to contradict statements made by statements made by his supervisors and refers the Court to *Carpenter v. Fed. Nat'l Mortgage Ass'n*, 174 F.3d 231 (D.C. Cir. 1999). Defendant's Opposition at 12. The *Carpenter* Court denied the plaintiff's Rule 56(f) motion to allows discovery to "test affiants' testimony" because she could not "describe what new facts she believed could be obtained by discovery to support her theory" of

discrimination. *Carpenter*, 174 F.2d at 237 (internal citations omitted). However, unlike the plaintiff in *Carpenter,* Mr. Price specifically outlined the facts that he seeks to discover in his Rule 56(f) motion. For example, Mr. Price declared that he is seeking Jill Rosen's, Peter Both's, and Fred Vu's qualifications and performance history in order to show with objective and empirical evidence that he was, in fact, the more qualified candidate in each respective employment decision. Plaintiff's Motion at 5-10. Accordingly, the holding and rationale in *Carpenter* are not applicable to the matter before the Court.

Pretext can be shown by affirmative evidence that the employer's proffered explanation is simply unworthy of credence. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 148 (stating "[a] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated"); *see also Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997). An employee can demonstrate pretext by showing "'weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's . . . reasons for its action.'" *Richmond*, 120 F.3d at 209 (quoting *Morgan v. Hilti*, 108 F.3d 1319, 1323 (10th Cir. 1997)). And as Defendant itself acknowledges on page 5 of its opposition brief, a plaintiff can establish an inference of pretext by showing he was the "'significantly' or 'markedly' more qualified candidate." *Barnette v. Chertoff*, 453 F.3d 513, 517 (D.C. Cir. 2006). Accordingly, Mr. Price will prove that he was the "'significantly' or 'markedly' more qualified candidate" by presenting his qualifications and credentials side-by-side with Jill Rosen's, Peter Both's, and Fred Vu's qualifications and credentials.

By arguing that Mr. Price may not use 56(f) discovery to contradict statements made by his supervisors, the Board fails to reconcile its position with the Supreme Court's requirement

that the plaintiff in a civil rights employment case must be afforded an opportunity to test the defendant's evidence. In these cases, the plaintiff is required "to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 515 (1993). In fact, the Supreme Court recognized that the very inquiry the Board seeks to curtail is integral to an employment discrimination plaintiff's case, as claims of retaliation are governed by the *McDonnell Douglas* burden shifting framework. *Holbrook v. Reno*, 196 F.3d 255, 263 (D.C. Cir. 1999) (*citing Carney v. American University,* 151 F.3d 1090, 1094 (D.C. Cir.1998)); *see also Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981). This is because a major purpose of the *McDonnell Douglass* burden-shifting framework is "to frame the factual issue with sufficient clarity *so that the plaintiff will have a full and fair opportunity to demonstrate pretext*." *Burdine,* 450 U.S. at 255-56 (1981) (emphasis added).

    II.    **Defendant's Claim That Mr. Price's Identification Of Issues And Facts In His Supporting Declaration Demonstrates That He Does Not Require Discovery Cannot Be Reconciled With Its Acknowledgement That The Law Mandates <u>Mr. Price Cannot Create A Triable Fact With Unsupported Allegations.</u>**

Defendant repeatedly claims that Mr. Price has no need for discovery, as "Plaintiff already has the facts he needs… in his own affidavit... Instead of providing a basis for Rule 56(f) discovery, plaintiff's declaration clearly demonstrates that he already has the relevant facts needed to attempt to create a genuine issue of fact regarding the Board's stated reason for its action." Defendant's Opposition at 6 (*see also* 1, 4, 9, 12, 14). Yet Defendant also (and properly) observes that "[i]t is well settled that "conclusory allegations unsupported by factual data will not create a triable issue of fact." *Exxon Corp v. FTC*, 663 F.2d 120,126-127 (D.C. Cir. 1980). Defendant's Opposition at 3. Hence Defendant quite clearly tries to whipsaw Mr. Price

3

by arguing that he does not require any discovery because he has his own detailed affidavit, which indicates the facts he intends to discover and substantiate that would create a triable issue, and its argument that Mr. Price cannot rely upon his own conclusory allegations unsupported by factual data to create a triable issue of fact. Defendant's strategy collapses, however, as Mr. Price's detailed declaration meets the standard under Rule 56(f) for staying consideration of summary judgment and allowing discovery because it "indicate[s] what facts [he] intended to discover that would create a triable issue and why [he] could not produce them in opposition to the motion." *Carpenter*, 174 F.3d at 237 (citing *Strang v. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989); *Exxon*, 663 F.2d at 126-27).

### III.   Mr. Price's Rule 56(F) Does Not Conceded That Defendant Has Met Its Summary Judgment Burden On Any Issue.

Simply stated, Mr. Price's Rule 56(f) motion is not a substantive opposition to Defendant's motion for summary judgment. Yet, inexplicably Defendant's Opposition declares that Plaintiff conceded in his Rule 56(f) motion "that the Board has met its burden of providing a legitimate, non-discriminatory explanation for not promoting [Mr. Price]" and that "Plaintiff acknowledges that the Board has met its burden of providing a legitimate, non-discriminatory explanation for not giving him the award." Defendant's Opposition at 5 and 10. A review of Mr. Price's Rule 56(f) motion reveals no such admissions or concessions, and presumably Defendant arrives at this errant conclusion because when a party fails to respond in a summary judgment opposition to an argument posed in a summary judgment motion the court may accept the failure to respond as an admission or concession of the argument in question. *Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 68 (D.C.Cir.1997). Thus it is clear that Defendant's confusion stems from its consideration of Plaintiff's Rule 56(f) motion as a substantive

opposition to a motion for summary judgment, which, by its very definition, it is not. Accordingly, that Mr. Price did not raise an issue in his Rule 56(f) motion is no more a concession that the Defendant has met its summary judgment burden on that issue than is the Board's failure to make an argument on an issue in its summary judgment motion an acknowledgment that Mr. Price will prevail on that issue.

## CONCLUSION

For the foregoing reasons, the Court should grant plaintiff the opportunity for discovery in support of his claim and DENY or STAY Defendant's motion for summary judgment pending the completion of discovery.

Respectfully submitted,<br>
*By Counsel*

_/s/__Nicholas Woodfield_____
R. Scott Oswald, Esq. (D.C. Bar # 458859)
Nicholas Woodfield, Esq. (D.C. Bar # 471801)
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006-3307
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
nwoodfield@employmentlawgroup.net
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March, 2007, the foregoing Reply to Defendant's Opposition to Plaintiff's Motion to Stay Consideration of Defendant's Motion for Summary Judgment and Permit Discovery Pursuant to Rule 56(f) was served by via using the Court's electronic transmission system, upon:

Katherine H. Wheatley, Esq.
Assistant General Counsel

John L. Kuray
Senior Counsel

Board of Governors of the
Federal Reserve System
20th and C Streets, NW
Washington, DC  20551

_/s/__Nicholas Woodfield_____